FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　-vs-<br><br>DANIEL LEE DOVE,<br><br>　　　　　　　Defendant. | No.　2:16-CR-0119-WFN-1<br>　　　　2:07-CR-0169-WFN-1<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION |

　　　　Pending before the Court is Defendant's Motion for Sentence Reduction. The parties agree that Defendant has exhausted his claim with the Bureau of Prisons [BOP].

　　　　Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

　　　　Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. Defendant suffers from a myriad of health issues. He also has been diagnosed with depression and Asperger's syndrome. Defendant argues that COVID-19 puts him at increased health risk. According to the CDC, though some of the conditions suffered *may* put Defendant at heightened risk, none of his conditions *definitively* cause heighted risk. The BOP has been innoculating inmates, beginning with those at the highest risk of serious illness and/or death. Though the Court recognizes that Dr. Venters' reports suggest that the BOP's COVID-19 response at FCI Lompoc, where Defendant is housed, was woefully

inadequate, at this point the risk of exposure is greatly reduced as compared to when the report authored by Dr. Venters was issued. As the Government notes, the number of cases at FCI Lompoc is currently minimal.

Further, Defendant argues that even without concerns raised by COVID-19, the BOP cannot manage his array of conditions. Defendant has served approximately five years of his term with about four more years of his sentence remaining (taking into account good time earned). During that time, the BOP has managed to administer Defendant's "impressive array of medications" as well as providing consistent medical care as reflected by his lengthy medical records. Exhibit D.

Defendant's criminal history suggests he may pose a danger to the community. Defendant's underlying conviction was serious; he possessed several images of child pornography and in online chats with another individual expressed an interest in images of toddlers engaged in sexually explicit activity. This conduct took place while Defendant was on supervision for a prior conviction for possession of child pornography and was a registered sex offender. Though the Court recognizes that an interest in viewing child pornography may not be indicative of a likelihood of a person committing hands on offenses, given Defendant's history, the odds of recidivism related to child pornography are high. Child pornography offenses result in harm to child victims even if the Defendant does not personally touch a child. Defendant presents a risk to the public that could not be alleviated by home detention due to the internet basis of the crime.

Defendant has not demonstrated extraordinary or compelling reasons supporting his release. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that

1. Defendant's Motion for Sentence Reduction, filed February 22, 2021, **ECF No. 128** in **2:07-CR-0169** and **ECF No. 84** in **2:16-CR-0119-WFN-1**, is **DENIED**.

2. Defendant's Motion to Seal, filed on February 22, 2021, **ECF No. 129** in **2:07-CR-0169** and **ECF No. 85** in **2:16-CR-0119-WFN-1**, is **GRANTED**.

3. The proposed sealed documents shall be **filed under seal**.

4. Defendant's Motion for Leave to File Excess Pages, filed February 23, 2021, **ECF No. 131** in **2:07-CR-0169** and **ECF No. 87** in **2:16-CR-0119-WFN-1**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 23rd day of March, 2021.

03-17-21

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3